Report: CZR0026

21ST JUDICIAL CIRCUIT
ST LOUIS COUNTY
CIRCUIT COURT DOCKET SHEET

Date:      12-Apr-2012
Time:      10:28:04AM
Page:      1

**12SL-CC00991     MICHAEL R NACK V REED ELSEVIER INC**          Security Level: 1 Public

| | | | |
|---|---|---|---|
| Case Type: | CC Injunction | **Case Filing Date:** | 16-Mar-2012 |
| Status: | Pet Filed in Circuit Ct | | |
| Disposition: | | **Disposition Date:** | |

Release/Status  Reason
Change Date

Judge                               MARK D SEIGEL (21076)
Plaintiff                           **MICHAEL R NACK (@468586)**
    Attorney for Plaintiff              MAX GEORGE MARGULIS(24325)
Defendant                           **REED ELSEVIER INC (AREDELSEV)**

| Filing Date | Description | |
|---|---|---|
| 16-Mar-2012 | **Judge Assigned** | SHINELTM |
| | DIV 3 | |
| | **Pet Filed in Circuit Ct** | SHINELTM |
| | **Confid Filing Info Sheet Filed** | CHANEYTL |
| 27-Mar-2012 | **Summons Issued-Circuit** | CHANEYTL |
| | Document ID: 12-SMCC-3835, for REED ELSEVIER INC. | |
| | HAND DELIVERED TO ST LOUIS COUNTY SHERIFF | |
| | **Service/Attempt Date: 29-Mar-2012** | |
| 28-Mar-2012 | **Motion Filed** | CODYKATM |
| | FOR CLASS CERTIFICATION | |
| | **Filed By:  MICHAEL R NACK** | |
| 02-Apr-2012 | **Summons Personally Served** | THOMPSME |
| | Document ID - 12-SMCC-3835;   Served To - REED ELSEVIER INC;   Server - CT CORP;   Served Date - 02-APR-12;   Served Time - 00:00:00;   Service Type - Territory 30;   Reason Description - Served;   Service Text - LC | |

EXHIBIT
*A*

STATE OF MISSOURI        )
                         )
ST. LOUIS COUNTY         )

2012 MAR 28  AM 8: 10

CIRCUIT CLERK

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MICHAEL R. NACK, individually and on behalf of all others similarly-situated, | Cause No. 12SL-CC00991 |
|     Plaintiff, | Division 3 |
| v. | |
| REED ELSEVIER, INC., | |
|     Defendant. | |

## MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by and through its undersigned counsel, and for its Motion for Class Certification, states

1.  This cause should be certified as a class because all of the necessary elements of Rule 52.08 are met.

2.  Plaintiff requests that the Court certify a class, so the common claims of the Class members, based on a uniform legal theory and factual allegations applicable to all Class members, can be resolved on a class-wide basis.

3.  Plaintiff proposes the following Class definition:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages of material advertising pharmaceutical products by or on behalf of Defendant.

4.  Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Here, there are at least thousands of persons who fall within the Class definition. Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

1

Respectfully submitted,

_Max G. Margulis_
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com
Attorney for Plaintiff

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
P: (847) 368-1500

Phillip A. Bock #6224502
Bock & Hatch, LLC
134 North LaSalle
Chicago, IL 60602
P: (312) 658-5500
F: (312) 658-5555
Email: phil@bockhatchllc.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendant's Registered Agent, CT Corporation System, 120 South Central Ave, Clayton, MO 63105, Fax No. 248-552-1762 on this 28th day of March, 2012.

_Max G. Margulis_

3



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>MARK D SEIGEL | Case Number:  12SL-CC00991 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL R NACK | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| vs. | |
| Defendant/Respondent:<br>REED ELSEVIER INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   REED ELSEVIER INC
 Alias:

SERVE CT COPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

27-MAR-2012
Date

**ST. LOUIS COUNTY**

Clerk

Further Information:
TLC

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____  (_____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document Id # 12-SMCC-3835**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARK D SEIGEL | Case Number:  12SL-CC00991 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL R NACK | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| **vs.** | |
| Defendant/Respondent:<br>REED ELSEVIER INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE |
| Nature of Suit:<br>CC Injunction | CLAYTON, MO  63105 |
|  | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to:  **REED ELSEVIER INC**<br>Alias: | |
| | **SERVE CT COPORATION SYSTEM**<br>**120 SOUTH CENTRAL AVE**<br>**CLAYTON MO 63105** |

*COURT SEAL OF*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

27-MAR-2012
Date                                                          Clerk

*ST. LOUIS COUNTY*

Further Information:
TLC

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

        My commission expires: _____        _____
                                Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( ___ miles @ $ .___ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

STATE OF MISSOURI        )
                         )
ST. LOUIS COUNTY         )

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MICHAEL R. NACK, individually and on behalf of all others similarly-situated, | Cause No. _____ |
| Plaintiff, | Division |
| v. | |
| REED ELSEVIER, INC.,<br>Serve:  CT Corporation System<br>120 South Central Ave.<br>Clayton, MO 63105<br>St. Louis County | SHERIFF<br>**3** |
| Defendant. | |

### CLASS ACTION PETITION

Plaintiff, MICHAEL R. NACK ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, REED ELSEVIER, INC., ("Defendant"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), prohibits a person or entity from sending or having an agent send fax advertisements without the

1

recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA and a declaration that defendant's conduct violated the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendant because Defendant transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $74,999.00, inclusive of all forms of damages and fees.

2

8.      Plaintiff MICHAEL R. NACK, is an individual located in St. Louis County, Missouri.

9.      Defendant, REED ELSEVIER, INC., is a corporation doing business in Missouri and doing business as LexisNexis.

## RELEVANT FACTS

10.     On December 4, 2008 Defendant sent 1 unsolicited facsimile to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimile is attached as Exhibit 1.

11.     Defendant approved, authorized and participated in the scheme to broadcast faxes by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

12.     Defendant created or made Exhibit 1, which Defendant distributed to Plaintiff and the other members of the class.

13.     Exhibit 1 is a part of Defendant's work or operations to market Defendant's goods or services which was performed by Defendant and/or on behalf of Defendant.

14.     Exhibit 1 constitutes material furnished in connection with defendant's work or operations.

15.     Exhibit 1 hereto is material advertising the commercial availability of any property, goods, or services.

16.     The transmission of Exhibit 1 to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited facsimiles.

3

17.     The transmission of Exhibit 1 to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the facsimiles not to send any future facsimiles to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

18.     The transmission of Exhibit 1 to Plaintiff did not contain at the top or bottom of the first page, the correct date and time it was sent and an identification of the entity sending the message and the telephone number of the sending machine or of such entity.

19.     The transmission of Exhibit 1 to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

20.      The transmission of Exhibit 1 to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

21.     Plaintiff had not invited or given permission to Defendant to send facsimiles.

22.     Plaintiff did not have an established business relationship with Defendant.

23.     On information and belief, Defendant sent multiple unsolicited facsimiles to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

24.     On information and belief, Defendant faxed the same and similar facsimiles to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

25.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

26.     Defendant knew or should have known that:  (a) Exhibit 1 was an advertisement; (b) Defendant did not obtain prior permission or invitation to send Exhibit 1; (c) Defendant did not have an established business relationship with Plaintiff or the other members of the class and (d) Defendant did not display a proper opt out notice on Exhibit 1.

27.     Defendant engaged in the transmission of Exhibit 1 believing such transmissions were legal based on Defendant's own understanding of the law and/or based on the representations of others on which Defendant reasonably relied.

28.     Defendant did not intend to send transmission Exhibit 1 to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmission of Exhibit 1 were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendant's own understanding of the law and/or based on the representations of others on which Defendant reasonably relied.

29.     Defendant failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibit 1 both to others in general, and specifically to Plaintiff.

30.     The transmission of Exhibit 1 to Plaintiff caused destruction of Plaintiff's property.

31.     The transmission of Exhibit 1 to Plaintiff interfered with Plaintiff's exclusive use of Plaintiff's property.

32.     The transmission of Exhibit 1 to Plaintiff interfered with Plaintiff's business and/or personal communications.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

33.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice.

35.     A class action is warranted because:

a.      On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibit 1 contains material advertising the commercial availability of any property, goods or services;

iii.     The manner and method Defendant used to compile or obtain the list of fax numbers to which they sent Exhibit 1 and other unsolicited faxed advertisements;

iv.     Whether Defendant faxed advertisements without first obtaining the recipients' prior express permission or invitation;

v.     Whether Defendant violated the provisions of 47 USC § 227;

vi.     Whether Plaintiff and the other class members are entitled to statutory damages;

vii.     Whether Exhibit 1 displayed each required element of the opt out notice required by 64 C.F.R. 1200;

viii.     Whether Exhibit 1 displayed each required element of the date, time, and identification required by 47 USC § 227;

ix.     Whether Defendant's acts were "knowing" as that term is used in 47 USC § 227;

x.     Whether Defendant should be enjoined from faxing advertisements in the future; and

xi.     Whether the Court should award trebled damages.

36.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

7

37.     A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

39.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

40.     The TCPA provides:

> Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,
>
> or
>
> (C)     Both such actions.

41.     The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

42.     The TCPA is a strict liability statute and the Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

43.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the

printing of Defendant's faxes. Moreover, Defendant's actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's unlawful faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

44.     Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendant's advertisements.

45.     If the court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

46.     Defendant knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendant or anyone else to fax advertisements about Defendant's goods or services, (B) Defendant did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit 1 was an advertisement, and (D) Exhibit 1 did not display the proper opt out notice.

47.     Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit 1 hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

48.     Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant were using Plaintiff's fax machine for Defendant's unauthorized purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities. Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendant's premises. Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, MICHAEL R. NACK, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, REED ELSEVIER, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award between $500.00 and $1,500.00 in damages for each and every violation of the TCPA;

C.     That the Court enter an injunction prohibiting the Defendant from engaging in the statutory violations at issue in this action;

D.     That the Court declare that Defendant's conduct violated the TCPA and that this action is just and proper;

E.      That the Court award costs and such further relief as the Court may deem just and

proper;

F.      That the Court award pre-judgment and post-judgment interest at the statutory rate

of 9%; and

G.      That the Court award plaintiff its attorney fees and all expenses incurred in

preparing and prosecuting this claim.

<u>**COUNT II**</u>
<u>**CONVERSION**</u>

49.     Plaintiff incorporates Paragraphs 3 and 4, and 11 – 15, 21-25, and27 – 32 as for its

paragraph 49.

50.     In accordance with Mo. S. Ct. Rule 52.08, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were
> sent telephone facsimile messages by or on behalf of Defendant with respect
> to whom Defendant cannot provide evidence of prior express permission or
> invitation.

51.     A class action is proper in that:

a.      On information and belief the class is so numerous that joinder of all

members is impracticable.

b.      There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

i.      Whether Defendant engaged in a pattern of sending unsolicited

faxes;

11

ii.     Whether Defendant sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

iii.    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit 1 and other unsolicited faxes;

iv.    Whether Defendant committed the tort of conversion; and

v.     Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

52.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

53.     A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

54.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

55.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

56.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use.   Such misappropriation was wrongful and without authorization.

57.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

58.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited faxes from Defendant.

59.    Each of Defendant's unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's unlawful faxes.  Defendant knew or should have known employees' time is valuable to Plaintiff.

60.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited faxes caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's unlawful purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, MICHAEL R. NACK, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, REED ELSEVIER, INC., as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award fair and reasonable damages to Plaintiff and the Class;

C.      That the Court award costs of suit to Plaintiff and the Class;

D.      That the Court award plaintiff its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

E.      Awarding such further relief as the Court may deem just and proper.

## COUNT III
## MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### Chapter 407

61.     Plaintiff incorporates Paragraphs 3 and 4, and 11 – 15, 21-25, and27 – 32 as for its paragraph 61.

62.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendant with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

14

65.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

66.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

67.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

68.     Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

69.     Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited faxes caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's unlawful purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

## PRAYER

WHEREFORE, Plaintiff, MICHAEL R. NACK, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant, REED ELSEVIER, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action for Count I, Count II and Count III, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

D.    That the Court declare that Defendant's conduct violated the TCPA and that this action is just and proper;

E.    That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.    That the Court award damages and attorney fees for violation of Chapter 407;

G.    That the Court award attorney fees and costs;

H.    That the Court award all expenses incurred in preparing and prosecuting these claims;

I.    That the Court enter an injunction prohibiting Defendant from sending faxed advertisements; and

J.    Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

_Max G. Margulis_
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*


Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Phillip A. Bock #6224502
Bock & Hatch, LLC
134 North LaSalle
Chicago, IL 60602
P: (312) 658-5500
F: (312) 658-5555
Email: phil@bockhatchllc.com

Case: 4:12-cv-00780-AGF   Doc. #: 1-1   Filed: 05/02/12   Page: 23 of 23 PageID #: 30

467. Nack, M.

December 4, 2008

 LexisNexis®

To: Michael R. Nack
Nack, Michael R.

## In the last 12 months, Missouri Family Law attorneys were searched 15,844 times on *Lawyers.com*™.

## 7 out of 10 visitors plan to contact a lawyer they found on this site.[†]

## If your full credentials are not listed on *Lawyers.com* potential clients cannot find you.

According to comScore Media Metrix, *Lawyers.com* and *martindale.com* from Martindale-Hubbell® are the #1 online lawyer directories for consumers, business professionals and corporate attorneys seeking legal counsel.*

Potential clients looking for an attorney in *Missouri* will be able to find you by city, zip code, and areas of practice through our strategic alliances with top search engines such as *Google*™ and *Yahoo!*® and news sites like *CNN.com* and *Businessweek.com*.

Our visitors make better prospective clients. People who use our online directories are serious about finding high-quality legal representation:

- Nearly 70% of visitors to *Lawyers.com* plan on contacting a lawyer found on this Web site.[†]
- 93% of those visitors plan to contact an attorney within the month.[‾]

---

*"Over the past 10 years, the firm has averaged roughly 12 new matters per year that were directly attributable to the Martindale-Hubbell listing . We estimate that we have received an 8 to 1 ROI from our Martindale-Hubbell spending since the firm's doors opened in 1996."*

Jay Elliott, Elliott Law Office, P.C., L.L.O.
North Platte, Nebraska

**Catch *Lawyers.com* on TV in your area!**

We're promoting *Lawyers.com* in television ads airing in **your market** and across the country. Martindale-Hubbell media campaigns drive more visitors to *Lawyers.com* — and more potential traffic to your Professional Biographical Listing

**In case you missed us on TV, go to the Press Room on the** *Lawyers.com homepage.*

We're ready to help you grow your business by getting you listed on Lawyers.com and Martindale.com

---

For more information, complete the form below and fax it to 937-865-8813.

Name/Title (please print)_____

Firm Name_____Phone_____

Email:_____

Address/City/State/Zip: _____

LexisNexis, the Knowledge Burst logo and Martindale-Hubbell are registered trademarks and *Lawyers.com* is a service mark of Reed Elsevier Properties Inc., used under license. Other products and services may be trademarks or registered trademarks of their respective companies.
© 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
*comScore Media Metrix custom reports, 2004, 2005, 2006.
‾ *Lawyers.com* research survey, 2007 .
To stop receiving fax advertisements for a Martindale-Hubbell product, please call 1-800-526-4902 x8001.         JC127195