UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. NACK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  4:12CV00780 AGF |
| | ) | |
| REED ELSEVIER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This putative class action is before the Court on several interrelated motions. Plaintiff filed this action is state court on March 16, 2012, and on March 28, 2012, he filed a three-page motion for class certification.  Defendant removed the action to this Court on May 2, 2012.  In transmitting the record to this Court, Defendant included a version of the motion for class certification that was missing the middle page.  The two-page version of the pending motion was entered on this Court's docket sheet as Doc. No. 7.  On June 7, 2012, the Court, not realizing that a page was missing, issued an Order (Doc. No. 18) denying the motion on the ground that it was insufficient to show that the requirements for class certification under Federal Rule of Civil Procedure Rule 23 were met.  Plaintiff has now provided the Court with the full version of the motion for class certification that he had filed in state court prior to removal.

Upon review of the file,

**IT IS HEREBY ORDERED** that Plaintiff's motion (Doc. No. 30) to strike Docket Entry No. 7 and Docket Entry No. 18  is **GRANTED** to the following extent:

Doc. No. 7 is stricken, and this Court's Order of June 7, 2012 (Doc. No. 18) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for class certification (Exhibit 2 to Doc. No. 31-2) that was filed in state court prior to removal of this action shall be entered on the docket sheet as a Motion, replacing what was filed as Doc. No. 7, and shall be **DENIED as moot** in light of the filing by Plaintiff of a new motion (Doc. No. 19) for class certification.

**IT IS FURTHER ORDERED** that Defendant's motion (Doc. No. 22) to dismiss the case as moot based upon Plaintiff's rejection of an offer of judgment that did not address class relief is **DENIED**, without prejudice.  The Court improvidently entered the Order dated June 7, 2012.  Accordingly, Defendant's motion to dismiss is without merit.  *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied.")

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. No. 20) for relief from briefing requirements as to Plaintiff's new motion for class certification is **GRANTED**.  The briefing schedule will be discussed and determined at the August 20, 2012 Rule 16 conference in this case.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2012.